# N. Y. COMMON PLEAS.

ISAAC EDELMUTH, plaintiff and respondent, agt. ALEXANDER McGARREN, defendant and appellant.

A lease of a store which, by the understanding of the parties, is to be used and is used for the sale of lottery tickets, is *void*.

*General Term, March,* 1873.
*Before* DALY, *Ch. J.,* LOEW *and* ROBINSON, *JJ.*
APPEAL from a judgment of the first district court, entered in favor of the plaintiff on the verdict of a jury.
The facts sufficiently appear in the opinion of the court.

A. H. REAVY, *for defendant and appellant.*
J. B. BULLOCK, *for plaintiff and respondent.*

*By the Court,* LOEW, *J.*—The plaintiff, by an instrument in writing, leased to the defendant a store or office in West Broadway, in this city, for the term of two years and eleven months, and this action was brought by him to recover one month's rent under that lease.

The defense interposed by the defendant was that the premises were let and hired for the purpose of vending or selling lottery policies therein.

On the trial all the testimony, by which it was sought to show that at the time when the agreement for the letting of these premises was made it was understood between the parties that they were to be used for the purpose aforesaid, was excluded by the justice, and he directed the jury to find a verdict in favor of the plaintiff. In rejecting this evidence the court below erred.

Edelmuth agt. McGarren.

By the laws of this state the carrying on or conducting of a business for the sale of lottery tickets is unlawful, and every contract made for the purpose of aiding, assisting or furthering the same is void.

If, therefore, it was understood between the parties, at the time of making the agreement for the lease, that the store in question should be used and occupied by the defendant as a lottery office, and that, as would seem from the latter's testimony, the plaintiff subsequently fitted the same up with the view that it should be so used and occupied, then the lease was void and the plaintiff cannot recover under it (*Updike* agt. *Campbell*, 4 *E. D. Smith*, 570).

A party will not be permitted to come into a court of justice and invoke its aid for the purpose of enforcing a contract or agreement made and entered into by him in regard to a transaction expressly prohibited by law.

It is true the plaintiff denied that he altered or fitted up the premises for the object indicated, but that was a question of fact for the jury to determine. The judgment should be reversed.

DALY, Ch. J., and ROBINSON, J., concurred.